IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN JENNINGS  \*
9975 Cypress Way
Laurel, MD 20723  \*

    Plaintiff  \*

    vs.  \*

                                                                                                             No.:

UNITED HEALTHCARE INSURANCE COMPANY
P.O. Box 3898  \*
Portland, ME 04104
          \*

Serve:
Kathleen Birrane  \*
Insurance Commissioner for the State of Maryland
200 St. Paul Place  \*
Suite 2700
Baltimore, MD 21202  \*

    Defendant  \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Now comes the Plaintiff, Steven Jennings, by and through his attorney, Keith R. Siskind and the Law Offices of Steinhardt, Siskind and Lieberman, LLC and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. That this Court has jurisdiction of the subject matter as the Group Long Term Disability Certificate of Coverage for Strategic Data Systems, Inc. (the plan)

1

represents a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq.

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Steven Jennings, is an individual, a citizen in the State of Maryland, residing at 9975 Cypress Way, Laurel, MD 20723.

6. That the Defendant, United Healthcare Insurance Company, issued a Certificate of Coverage for long term disability benefits to the Plaintiff's employer, Strategic Data Systems, Inc., with an effective date of October 1, 2019.

## Statement of Facts

7. That the Plaintiff is employed as a Computer Engineer (Linux/Windows Engineer) for Strategic Data Systems, Inc. where he was hired on October 28, 2019.

8. That the Plaintiff is presently 38 years of age. The Plaintiff was diagnosed with Von Hippel-Lindau disease (VHL) in 2009. This is a heterogenous multisystem tumor condition. The Plaintiff also suffers from other medical conditions including blindness in his right eye, profound left sided hearing loss with cochlear implant and right ear deafness. The Plaintiff is wheelchair bound.

9. That the Plaintiff's date of disability is February 7, 2020. On that date the Plaintiff slid out of his wheelchair onto the floor while he was at work. The Plaintiff was

unable to get himself up and was assisted by colleagues and went home for the day. The Plaintiff noticed weakness in his left upper extremity and left lower extremity. Plaintiff was transported by ambulance to Laurel Regional Hospital and subsequently transferred to Washington Hospital Center with a concern over tumor progression for further neurosurgical management. The Plaintiff was subsequently transferred to National Institute of Health (NIH) where he had previously treated. The Plaintiff was admitted for treatment of a right cerebellar hemangioblastoma which was discovered after the fall on February 7, 2020. Plaintiff was experiencing headaches, neck pain, right occipital pain and bilateral blurry vision. The Plaintiff underwent surgery on February 14, 2020 for resection of the cerebellar hemangioblastoma.

10. After Plaintiff ceased working he applied for and received 12 weeks of short term disability benefits between February 2020 and May 2020. Plaintiff was due to transition to long term disability benefits on May 8, 2020. Plaintiff was paid 1 month of benefits through June 8, 2020 under a reservation of rights and an additional 11 days of long term disability benefits between June 8, 2020 and June 19, 2020 under a reservation of rights while a preexisting review was undertaken. The Defendant initially approved the Plaintiff's claim for long term disability benefits on June 12, 2020 under a reservation of rights. **See Exhibit 1.** However, on June 25, 2020 the Defendant issued a denial of long term disability benefits. **See Exhibit 2.**

11. That on September 23, 2020 the Plaintiff, through the undersigned counsel, filed an administrative appeal. **See Exhibit 3.**

12. That on December 23, 2020 Defendant upheld its decision to deny long term disability benefits to the Plaintiff. **See Exhibit 4.**

3

## Count I
## (LTD Claim)

13. That the Plaintiff reasserts and incorporates each and every fact and allegation as set forth in the previous paragraphs as if fully and completely set forth herein.

14. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

15. That pursuant to the plan the definition of disability is as follows:

   *The Covered Person is Disabled or has a Disability when We determine that:*
   1. *he is unable to perform some or all of the Material and Substantial Duties of his Regular Occupation due to his Sickness or Injury; and*
   2. *he has a 20% or more loss in Indexed Pre-Disability Monthly Earnings due solely to the same Sickness or Injury; and*
   3. *he is under the Regular Care of a Physician.*

16. Furthermore, since Plaintiff was hired on October 28, 2019 then the Plaintiff's effective date of long term disability coverage was December 1, 2019. The plan includes a preexisting condition exclusion for any disability that begins during the first 12 months after the covered person's effective date of insurance. Pursuant to the plan the preexisting condition exclusion is defined as follows:

   *Pre-Existing Condition Exclusion: 3/12*
   *We will not cover any Disability that begins during the first 12 months after the Covered Person's Effective Date of insurance that is caused or contributed to by a Pre-Existing Condition.*

   *Pre-Existing Condition means: any Sickness or Injury including Mental Illness, Substance Abuse or Subjective Symptoms for which the Covered Person, within 3 months prior to his Effective Date of insurance:*

   1. *was diagnosed by or received Treatment from a legally qualified Physician; or*

4

  *2. had symptoms for which an ordinarily prudent person would have sought Treatment.*

17. That the Plaintiff contends that the Defendant failed to conduct a full and fair review and that the decision to deny Plaintiff's claim for long term disability benefits by applying the preexisting condition exclusion is unreasonable and not supported by substantial evidence. In particular, the Defendant failed to adequately review and consider the medical documentation in the Administrative Record and the nature of the tumor which substantially contributed to the Plaintiff's disability. Furthermore, the Defendant failed to give appropriate weight to the medical documentation of the Plaintiff's physicians, Drs. Henry Wiley and Prashant Chittiboina.

18. That the Plaintiff contends that he has submitted objective medical evidence to document a disability. The medical evidence submitted demonstrates that the Plaintiff is precluded from performing the material and substantial duties of his regular occupation. Additionally, the Plaintiff has submitted sufficient medical documentation to establish that Plaintiff was neither diagnosed or received treatment for a cerebellar hemangioblastoma that was the cause of his disability during the applicable lookback period.

19. That the Defendant has failed to consider these factors in conducting its review. Accordingly, the Defendant did not conduct a full and fair review and the decision to deny Plaintiff's claim for long term disability benefits under the plan is arbitrary, illegal, capricious, unreasonable, and not made in good faith.

20. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits.

21. That as a direct and proximate result of the actions of the Defendant the Plaintiff has sustained damages in the amount of 60% of his monthly earnings representing a benefit of $ 7,249.84 per month. Plaintiff is due benefits from June 20, 2020 through January 20, 2021, a period of 7 months in the amount of $ 50,748.88. Benefits continue at the rate of $ 7,249.84 per month subject to the terms of the plan.

22. That as a direct and proximate result of the actions of the Defendant the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

### Count II
### (Failure to Produce Plan Documents)

23. That the Plaintiff hereby adopts and incorporates by reference all of the previous allegations set forth in paragraphs 1 – 22.

24. That pursuant to 29 U.S.C. §1132(c)(1) the Defendant has an obligation to comply with a request for information from the Plaintiff.

25. That subsequent to Defendant's final denial of December 23, 2020 the Plaintiff, through the undersigned counsel, forwarded a letter to the Defendant dated December 28, 2020 requesting a complete copy of the Plaintiff's updated Administrative Record. **See Exhibit 5.**

26. That the Defendant responded on December 29, 2020 **(Exhibit 6)** but only included letters to Plaintiff's counsel and the Defendant's medical review of Dr. Richard Maguire.

27. That on January 11, 2021 the Plaintiff, through the undersigned counsel, forwarded a letter to the Defendant notifying the Defendant of its requirement to furnish the

Plaintiff with all relevant documents and the potential for civil penalties. **See Exhibit 7.**

28. That on January 12, 2021 Defendant responded and continued to assert that all additional documents were "proprietary" or protected by the attorney-client privilege. **See Exhibit 8.**

29. That Plaintiff contends that the Defendant has failed to produce all relevant documents, including updated claim activity notes associated with the Plaintiff's claim. The Defendant is therefore in violation of 29 U.S.C. §1132(c)(1) and subject to penalties of up to $ 100.00 per day and other relief as the court deems proper.

WHEREFORE, the Plaintiff prays for the following relief:

    a. That this Court conduct a de novo review and order the Defendant to pay the Plaintiff all long term disability benefits due to the Plaintiff under the plan, said benefits beginning June 20, 2020;

    b. Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing;

    c. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132, along with pre-judgment interest;

    d. That this Court assess the Defendant with a penalty in an amount up to $ 100.00 per day for the Defendant's failure to produce plan documents; and

    d. For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

_____
Keith R. Siskind, Esquire
Steinhardt, Siskind and Lieberman, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
Attorney for Plaintiff
Trial Bar # 04415